IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEVERLY J. ROCKETT, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:25-CV-384-K-BK |
| § | |
| PETE HEGSETH, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On February 14, 2025, Plaintiff Beverly J. Rockett filed a complaint against the Secretary of Defense Pete Hegseth, the U.S. Department of Defense, and the Army And Air Force Exchange Service ("AAFES"). Doc. 3 at 1. She avers that the Court ruled against her in an earlier employment discrimination action against AAFES, her former employer. *Rockett v. Esper*, No. 3:20-CV-1502-C-BK, 2022 WL 774036, at *1 (N.D. Tex. Feb. 15, 2022), *rec. adopted*, 2022 WL 768630 (N.D. Tex. Mar. 14, 2022), *appeal dismissed*, No. 22-10504, 2022 WL 17037663 (5th Cir. Oct. 18, 2022).

Rockett now attempts to invoke this court's federal-question jurisdiction under: "28 U.S.C. § 1331; 28 U.S.C. § 1346; 31 U.S. Code § 3729 – False claims; 18 U.S.C. § 1621 Perjury and False Statements 18 U.S.C. § 1001, and other emotional distress." Doc. 3 at 1. She asserts

this case arises as result "of the False Claims, Defamation and Making of False Damaging Statements against plaintiff." Doc. 3 at 2. Rocket then alleges defamation against her former supervisors and a human resources representative. Doc. 3 at 2-3. She requests compensatory and punitive damages. Doc. 3 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

### II. ANALYSIS

#### A. Jurisdiction is Lacking

Although Rockett paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Rockett has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Rockett's complaint, however, contains no factual allegations that support federal question jurisdiction. At best, Rockett alleges only state law defamation claims arising from an employment dispute. While Rockett vaguely cites to federal statutes, she does not identify any substantial constitutional or federal statutory violation, as noted *infra*. Thus, her allegations are insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

### B. False Claims Act

If Rockett seeks to plead a *qui tam* claim under the False Claims Act, her request lacks any legal basis and thus cannot support a federal cause of action. Doc. 3 at 1 (citing 31 U.S.C. § 3729). The False Claims Act is a federal anti-fraud statute that prohibits the knowing submission of false or fraudulent claims for payment to the federal government. *See Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013). However, Rockett does *not* complain that the Defendants presented a false or fraudulent claim for payment to the United States. Rather, she contends that her supervisors and a human resources representative defamed her character. Doc. 3 at 2-3. That notwithstanding, as a *pro se* litigant, Rocket cannot proceed as a relator in a False Claims Act "*qui tam*" action on behalf of the United States. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *see also Nuttall v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-3342-M-BK, 2022 WL 3582777, at *2 (N.D. Tex. June 3, 2022) (same). Thus, the Court lacks jurisdiction over Rockett's *qui tam* claim under the False Claims Act.[1]

### C. Federal Criminal Statutes

Likewise, if Rockett seeks to allege criminal law violations for perjury under 18 U.S.C. § 1621 and for fraud and false statements under 18 U.S.C. § 1001, her request has no legal basis. So her assertions cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must

---

[1] Rockett has also failed to meet the procedural requirements a private party must follow to pursue a *qui tam* action on behalf of the federal government. *See* 31 U.S.C. § 3730(b); *Henderson*, 974 F. Supp. 2d at 1016 (finding that the plaintiffs' complete failure to follow the procedures outlined in § 3730(b) provided another basis for dismissal albeit not on jurisdictional grounds).

be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). However, Rockett has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

### D. Supplemental Jurisdiction

Further, because the complaint does not present an adequate basis for federal question jurisdiction, and Rockett does not rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that she may be attempting to assert. 28 U.S.C. § 1367(a).

In sum, this action should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Rockett's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, the Court concludes that Rockett has already pled her best case and granting further leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 14, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).